## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WYETH and CORDIS CORPORATION,** | **Civil Action No. 08-0230-JAP-TJB** |
| **Plaintiffs,** | |
| **v.** | **ORDER** |
| **ABBOTT LABORATORIES and ABBOTT CARDIOVASCULAR SYSTEMS, INC. And BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC.** | |
| **Defendants** | |

| | |
|---|---|
| **WYETH and CORDIS CORPORATION,** | **Civil Action No. 08-1021-JAP-TJB** |
| **Plaintiffs,** | |
| **v.** | **ORDER** |
| **MEDTRONIC, INC., MEDTRONIC AVE, INC. and ABBOTT LABORATORIES, and ABBOTT CARDIOVASCULAR SYSTEMS, INC.,** | |
| **Defendants** | |

This matter having been opened to the Court upon Motion by Wyeth and Cordis Corporation ("Plaintiffs"), for an Order sealing Exhibit A (the Deposition Transcript of Professor Samuel Danishesky, Columbia University) to Plaintiffs' Motion to Supplement the Record (Document Entry No. 177, 08-230 and Document Entry No. 142, 08-1021); and Plaintiffs arguing that all of the information they seek to seal is "Confidential" or "Highly Confidential";

and Plaintiffs further arguing that the documents they seek to seal contain sensitive business and technical information which would reveal aspects of research and development of its therapeutic compounds that is not known by the general public; and Plaintiffs further arguing that revealing to the public and Plaintiffs' competitors the confidential business information sought to be sealed would injure Plaintiffs' business interests; and there being no opposition to Plaintiffs' motion; and no interested person having moved to intervene as permitted by L.Civ.R.5.3(c)(4)(1); and the Court finding that the Third Circuit recognizes "a common law public right of access to judicial proceedings and records" (*In re Cendant Corp*., 260 F.3d 183, 192 (3d Cir. 2001)); and the Court further finding that there is "a presumptive right of access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith" (*Leucadia, Inc. v. Applied Extrusion Techs*., Inc. 998 F.2d 157, 164 (3d Cir. 1993)); and the Court further finding that the right of public access is "not absolute[,]" but must be weighed against the litigants' interests in secrecy (*Id.* at 165 (internal quotation marks and citation omitted)); and the Court further finding that under L.Civ.R. 5.3(c)(2) a party seeking an order to seal materials must

> describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

and the Court further finding that Plaintiffs have adequately described the nature of the materials at issue as confidential business information of Plaintiffs contained throughout Exhibit A to Plaintiffs' Motion to Supplement the Record; and the Court further finding that Plaintiffs' Motion to Supplement the Record have a legitimate private interest in preventing the public dissemination of their above-described confidential business information; and the Court further

finding that Plaintiffs' legitimate business interests would be seriously harmed if the aforementioned Exhibit, containing confidential business information, were disclosed to the public; and the Court further finding that Plaintiffs' Motion to Seal represents the least restrictive alternative, because Plaintiffs only seek to seal the Exhibit that contains the above-described confidential business information; and the Court having considered this matter pursuant to Fed.R.Civ.P. 78, and for good cause shown,

IT IS on this 28th day of July 2010,

ORDERED that Plaintiffs' Motion to Seal is GRANTED; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket entry No. 141, Docket 08-1021 and Docket entry No. 176, Docket 08-0230] accordingly.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**