**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WYETH, et al.<br><br>    Plaintiffs,<br> v.<br><br>ABBOTT LABORATORIES, et al.<br><br>    Defendants. | Civil Action No. 08-230 (JAP) |
| WYETH, et al.<br><br>    Plaintiffs,<br> v.<br><br>MEDTRONIC, INC., et al.<br><br>    Defendants. | Civil Action No. 08-1021 (JAP)<br><br>**MEMORANDUM OPINION AND ORDER** |

  Presently before the Court in this patent infringement action is a motion by Defendants Boston Scientific Corporation, Scientific Scimend, Inc., Medtronic, Inc., Medtronic AVE, Inc., Abbott Laboratories and Abbott Cardiovascular Systems Inc. (together "Defendants") to bifurcate damages from liability pursuant to Federal Rule of Civil Procedure 42(b) and stay discovery related to damages.  Plaintiffs have opposed the motion.  The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78.

  The patents at issue in this case, U.S. Patent No. 5,516,781, U.S Patent No. 5,563,146 and U.S. Patent No. 5,665,728, are directed to the use of rapamycin to treat the re-closure of coronary arteries, known as restenosis, following an angioplasty procedure.  Plaintiffs sell a drug-eluting stent known as the CYPHER stent, which they allege is covered by these patents.

In these actions, Plaintiffs assert that the use of Defendants' XIENCE V stent (Abbott); PROMUS stent (Boston Scientific) and ENDEAVOR (Medtronic) infringes upon the patents in suit.

Defendants assert that the trial of liability and damages should be bifurcated because (1) the liability and damages sides in these cases present complex issues with distinct factual inquiries and confronting the jury with both sides of the case is likely to cause confusion; (2) bifurcation serves the interests of judicial economy and efficiency; and (3) there will be no prejudice to Plaintiffs if damages are bifurcated.  Plaintiffs, on the other hand, oppose bifurcation and argue that there is substantial overlap between liability and damages and, as such, bifurcation works against the interests of judicial economy and efficiency.  Plaintiffs also argue they will be prejudiced by any delay occasioned by addressing the issue of liability and damages separately.

Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, a court may order a separate trial of any claim or issue "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b).  Importantly, "the decision to bifurcate vel non is a matter to be decided on a case-by-case basis." *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir.1978).  Because "a single trial tends to lessen the delay, expense and inconvenience to all parties," the party seeking bifurcation bears the burden of showing that bifurcation is proper. *Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc.*, 49 F.Supp. 2d 709, 721 (D.N.J. 1999).  Nevertheless, a district court "is given broad discretion in reaching its decision whether to separate the issues of liability and damages." *Idzojtic v. Pennsylvania Railroad. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972).

While there is no single factor that is determinative, when considering whether to

bifurcate, "courts should consider whether (a) there will be overlap in testimony and evidence between the two proceedings, (b) the issues to be decided at trial are complex and the factfinder is likely to become confused, (c) bifurcation will promote settlement, and (d) a single trial will cause unnecessary delay." *Viking Yacht Co. v. Composites One LLC*, No. 05-538, 2008 WL 5244411, *2 (D.N.J.) (D.N.J. December 16, 2008) (citing *Rodin Properties-Shore Mall*, 49 F.Supp.2d at 721 (D.N.J.1999)).  It has been noted that "[f]ederal precedent suggests that the entire damages phase of patent litigation could be severed from issues of liability upon a finding that the damages issues are complicated and extensive evidence would be necessary on these issues."  *Princeton Biochemicals Inc. v. Beckman Instruments Inc.*, 180 F.R.D. 254, 256 (D.N.J. 1997).  Indeed, "experienced judges use bifurcation … both to simplify the issues in patent cases and to maintain manageability of the volume and complexity of the evidence presented to a jury."  *Medpointe Healthcare Inc. v. Hi-Tech Pharmacal Co., Inc.*, No. 03-5550, 2007 WL 188285, *5 (D.N.J. January 22, 2007).

      The Court finds that bifurcation of damages from liability is appropriate here.  As Defendants point out, this case involves multiple patents, multiple accused products and multiple Defendants, thus the volume of information presented to the jury will be substantial.  With respect to the liability phase, the technological and legal issues that will be presented to the jury are highly complex and will likely require extensive explanation by the parties' experts.  The issues to be addressed in the damages phases are likewise highly complex.  Bifurcation will allow the jury to focus on the complicated issues of infringement and validity without simultaneously having to consider evidence relating to various theories of damages.  *See Princeton Biochemicals Inc.*, 180 F.R.D. at 256 ("[T]he jury will likely be required to process volumes of exhibits, including diagrams, drawings, documents, models, as well as

trial testimony, on the issue of liability alone.  This task would surely be overwhelming to even the most sophisticated jurors.  As such, the complexity of the liability issues as well as the resulting potential threat of prejudice due to jury confusion, present a controversy ripe for bifurcation.").

The Court finds Plaintiffs' arguments against bifurcation unconvincing.  First, to the extent that Plaintiffs argue that there is overlap between the liability and damages issues in this case (for example, Plaintiffs point to "essential background information"), the Court believes such overlap is limited and, therefore, it does not weigh against bifurcation.  Second, Plaintiffs' claim of "enormous" prejudice is unfounded.  For example, as most of the relevant evidence in this type of case is documentary evidence analyzed by experts, the Court sees little risk that "Plaintiffs' ability to gather the necessary damages evidence" would be "impacted by key witnesses forgetting relevant facts, dying or leaving the country."  Pl. Brf. at 13.

Having found that bifurcation is warranted, the Court finds that a stay of discovery with respect to damages is appropriate.

In sum, the Court has considered the relevant factors and, finding that these factors weigh in favor of bifurcating damages from liability,

IT IS on this 3rd day of November 2010,

ORDERED that Defendants motion to bifurcate and stay discovery [#131] is GRANTED.

/s/ JOEL A. PISANO
United States District Judge